IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SRR PARTNERS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BMC-THE BENCHMARK MANAGEMENT COMPANY, a Texas corporation d/b/a Benchmark Hospitality International,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING SRR'S MOTION TO STRIKE REPORT OF BMC'S EXPERT KEVIN B. EGGLESTON**<br><br>Case No. 2:13-cv-00864-RJS<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This matter came before the Court on SRR's Short Form Motion to Strike the Report of BMC's expert, Kevin B. Eggleston. (ECF No. 237.) The Court has considered the Motion, the supporting and opposing documentation, and the arguments of counsel and DENIES SRR's Motion to Strike Report of Mr. Eggleston.

As an initial matter, the Court finds Mr. Eggleston's identification within his reports of documents he relied upon sufficiently specific to notify opposing counsel of the documents relied upon. While Mr. Eggleston did not describe the e-mails as specifically as Mr. Bedsole did, SRR should have been able to find e-mails between the specified individuals from the dates provided; if more than one document met the description, it could have then asked for clarification on the specific document. Mr. Eggleston did not have to reference the documents by bates number.

Regarding disclosure requirements, on February 11, 2016, the Court issued an order memorializing its oral ruling regarding BMC's Motion to Compel SRR to provide complete responses to discovery regarding SRR's computation of damages.  (ECF No. 178.)  In that order, the Court stated:  "Plaintiff's experts will be barred from relying on any responsive documents not produced by Plaintiff as required by this Order [by February 10, 2016]."  (*Id.* at ¶ 2.)

SRR argues that this same standard should apply to BMC.  The Court's February 11, 2016 Order did not apply to BMC's production of damages documents.  However, Federal Rule of Civil Procedure 37(c) explicitly prohibits a party from using information to advance its case that the party failed to provide as required by Rule 26(a).  The failing party may use such information only if it can show substantial justification for the failure or if such failure proves harmless.  Fed. R. Civ. P. 37(c).  Federal Rule of Civil Procedure 26(a)(1)(A)(ii) specifically requires disclosure of all documents a party "may use to support its claims or defenses."  Thus, the Court expects each party to have disclosed all documents upon which its experts rely.

On April 5, 2016, BMC produced a thumb drive containing documents pertaining to Mr. Eggleston's Rebuttal Report, (ECF No. 239-2), which SRR did not receive until April 11, 2016, (ECF No. 239-3).  On April 13, 2016, SRR filed the instant motion, identifying for the first time the specific documents it did not have in its possession.  (*C.f.* ECF Nos. 237 *with* 238-3.)  BMC provided all missing documents by April 19, 2016.  (ECF No. 258 & verified at the April 25, 2016 hearing.)

BMC produced the following documents prior to February 10, 2016:  documents cited in footnotes 13-14, 16-17, 46, 63-65, 68.  Furthermore, BMC asserts that it produced all of the .pst files produced recently in .tiff format prior to the close of discovery.  SRR has not come forth with any evidence to contest this representation.

BMC admits it did not produce the following documents prior to February 10, 2016:  an Insurance Correspondence Spreadsheet, a Leavitt Group Email Spreadsheet, and a Certificate of

2

Compliance with Subpoena from Key Financial Group. BMC attorneys prepared the Insurance Correspondence Spreadsheet and Leavitt Group Email Spreadsheet to assist with case preparation and provided them to Mr. Eggleston. As such, BMC had no obligation to turn over these two documents until it provided Mr. Eggleston's report. Shortly after SRR identified these two documents as missing on April 13, 2016, BMC produced them on April 19, 2016. The Court concludes that had SRR identified these two documents earlier, BMC would have produced them. Failure to identify the specific missing documents prior to filing the instant motion reflects an inadequate meet and confer and demonstrates the essential problem of an inadequate meet and confer—had the movant identified the documents prior to bringing the Motion, the Motion would have proved unnecessary.

As to the certificate of compliance from Key Financial Group, BMC had an obligation to disclose this documents no later than February 25, 2015 and failed to do so until April 19, 2016.

In determining whether to impose sanctions for the failure to disclose, the Court considers whether BMC had substantial justification for its failure. Regarding the Key Financial Group certificate, BMC suggests it assumed Key Financial Group had communicated the same information, namely that it had no documents, to SSR and so did not think to produce the certificate of compliance. Given that SSR specifically asked for any documents from Key Financial Group, BMC lacked substantial justification for failing to produce this document.

The Court must also consider whether the failure to produce the documents harmed SRR. BMC argues the failure does not harm SRR because SRR had complete access to this information since SRR had the relationship at issue with Key Financial Group. Furthermore, the reference in the Eggleston report to the certificate merely makes reference to the fact that information is not known because Key Financial did not have any information. Thus, BMC does not rely on this document to prove its case in any standard sense but rather references it to explain the absence of information. SRR does not explain how this failure harmed it.

The Court does not find the time spent trying to locate the referenced document to reflect a harm inflicted by BMC.  Mr. Eggleston clearly identified this document.  When SRR could not find it, SRR should have identified the document specifically.  At which point BMC would have provided them, as discussed above.

Thus, the need to file the motion does not reflect harm inflicted by BMC either.  On the information and argument submitted to the Court, the Court finds the omission of the Insurance Correspondence Spreadsheet, the Leavitt Group Email Spreadsheet, and the Certificate of Compliance with Subpoena from Key Financial Group harmless.

Dated:  May 9, 2016.

BY THE COURT:

_____
Hon. Evelyn J. Furse
United States District Court Magistrate Judge