IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SRR PARTNERS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BMC-THE BENCHMARK MANAGEMENT COMPANY, a Texas corporation d/b/a Benchmark Hospitality International,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING SRR'S MOTION TO STRIKE REPORT AND REBUTTAL REPORT OF BMC'S EXPERT EMBREE C. BEDSOLE**<br><br>Case No. 2:13-cv-00864-RJS<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This matter came before the Court on SRR's Short Form Motion to Strike the Report and Rebuttal Report of BMC's expert, Embree C. Bedsole. (ECF No. 234.) The Court has considered the Motion, the supporting and opposing documentation, and the arguments of counsel and DENIES SRR's Motion to Strike Report and Rebuttal Report of Mr. Bedsole.

As an initial matter, the Court finds Mr. Bedsole's identification within his reports of documents he relied upon sufficiently specific to notify opposing counsel of the documents relied upon. Mr. Bedsole did not have to reference the documents by bates number.

Regarding disclosure requirements, on February 11, 2016, the Court issued an order memorializing its oral ruling regarding BMC's Motion to Compel SRR to provide complete responses to discovery regarding SRR's computation of damages. (ECF No. 178.) In that order,

the Court stated: "Plaintiff's experts will be barred from relying on any responsive documents not produced by Plaintiff as required by this Order [by February 10, 2016]." (*Id.* at ¶ 2.)

SRR argues that this same standard should apply to BMC. The Court's February 11, 2016 Order did not apply to BMC's production of damages documents. However, Federal Rule of Civil Procedure 37(c) explicitly prohibits a party from using information to advance its case that the party failed to provide as required by Rule 26(a). The failing party may use such information only if it can show substantial justification for the failure or if such failure proves harmless. Fed. R. Civ. P. 37(c). Federal Rule of Civil Procedure 26(a)(1)(A)(ii) specifically requires disclosure of all documents a party "may use to support its claims or defenses." Thus, the Court expects each party to have disclosed all documents upon which its experts rely.

On April 5, 2016, BMC produced a thumb drive containing documents pertaining to Mr. Bedsole's Rebuttal Report, (ECF No. 239-2), which SRR did not receive until April 11, 2016, (ECF No. 239-3). On April 13, 2016, SRR filed the instant motion, identifying for the first time the specific documents it did not have in its possession. (*C.f.* ECF Nos. 234 *with* 234-1, 235.) BMC provided all missing documents by April 19, 2016. (ECF No. 254 & verified at the April 25, 2016 hearing.)

BMC produced the following documents prior to February 10, 2016: documents cited in footnotes 12, 14-16, 20, 65-66, 84-85, 110, 118, 120-121[1], 132, 149, 160, 175. Furthermore, BMC asserts that it produced all of the .pst files produced recently in .tiff format prior to the close of discovery. SRR has not come forth with any evidence to contest this representation.

BMC admits it did not produce the following documents prior to February 10, 2016: public transcripts from the 2011 bankruptcy proceedings, a Pax report from September 30, 2013 at 6:33 a.m., an Analysis of Second Amended, a Summary of Cabanas email, and the U.S. Bank File. BMC

---

[1] The document referred to in footnote 121 is the same as in document #26 in Appendix D.

2

attorneys prepared the Analysis of Second Amended and Summary of Cabanas email documents to assist with case preparation and provided them to Mr. Bedsole.  As such, BMC had no obligation to turn over these two documents until it provided Mr. Bedsole's report.  Shortly after SRR identified these two documents as missing on April 13, 2016, BMC produced them on April 19, 2016.  The Court concludes that had SRR identified these two documents earlier, BMC would have produced them.  Failure to identify the specific missing documents prior to filing the instant motion reflects an inadequate meet and confer and demonstrates the essential problem of an inadequate meet and confer—had the movant identified the documents prior to bringing the Motion, the Motion would have proved unnecessary.

As to the bankruptcy transcripts, the September 30, 2013 Pax report, and the U.S. Bank file, BMC had an obligation to disclose such documents under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and failed to do so until after the close of discovery.

In determining whether to impose sanctions for the failure to disclose, the Court considers whether BMC had substantial justification for its failure.  Regarding the U.S. Bank file and the bankruptcy transcripts, BMC offers no justification, claiming oversight.  Regarding the September 30, 2013 Pax report, BMC offers that the parties had agreed not to exchange client e-mail created after September 23, 2013.  While that agreement may have covered BMC's obligation to produce the e-mail in response to document requests, it did not relieve BMC of its obligation to identify documents it intended to rely upon to support its claims and defenses.  Thus, BMC lacked substantial justification for failing to produce each of these documents.

The Court must also consider whether the failure to produce the documents before the close of discovery harmed SRR.  BMC argues the failure does not harm SRR because SRR had knowledge of and complete access to these documents before the close of discovery.  The references in the Bedsole report to the bankruptcy transcript concern testimony Ms. Rad, SRR's client representative, gave during the bankruptcy proceeding and at which Ms. Rad had the same counsel SRR currently

has. Further, BMC argues, Ms. Rad received a copy of the September 30, 2013 Pax report via e-mail on September 30, 2013. Lastly, BMC notes that the U.S. Bank file includes documents related to SRR's U.S. Bank account. Thus in each instance, both parties had equal access to all documents. Certainly, where each party knew of the existence of the undisclosed documents any harm from non-disclosure is reduced.

Nevertheless, BMC did not identify these documents as materials upon which it intended to rely. Thus SRR may not have considered them in preparing its Federal Rule of Civil Procedure 26(a)(3) disclosures. The lack of a complete identification of the factual basis for BMC's claims and defenses could have harmed SRR. SRR, however, has identified only the expense of trying to locate documents and file the instant motion as its harm. The Court does not find the time spent trying to locate the referenced documents to reflect a harm inflicted by BMC. Mr. Bedsole identified the documents he relied upon with sufficient specificity to allow SRR to find them as discussed above. When SRR could not find documents, it should have identified the ones it could not locate. At which point BMC would have provided them, as discussed above. Thus, the need to file the motion does not reflect harm inflicted by BMC either. On the information and argument submitted to the Court, the Court finds the omission of the bankruptcy transcripts, the September 30, 2013 Pax report, and the U.S. Bank file harmless.

Dated: May 9, 2016.

BY THE COURT:

_Evelyn J. Furse_
Hon. Evelyn J. Furse
United States District Court Magistrate Judge

4